## SIMONDS v. HAITHCOCK.

1.  The Circuit Judge committed no error in confirming a return of homestead appraisers, to which exceptions, supported by affidavits, were filed, alleging excessive valuation, but not mistake, fraud, or corruption.
2.  The return of homestead appraisers should have the same force and effect as the return of commissioners in dower, as to which latter the principle was declared in *Irvine* v. *Brooks*, 19 *S. C.*, 101.
3.  The statute (*Gen. Stat.*, § 1996) regulating the assignment of a homestead to a debtor where his lands exceed $1,000 in value and cannot be divided, is not unconstitutional.

Before KERSHAW, J., Richland, July, 1885.

. This was a claim of homestead by the defendant in the case of John W. Simonds against James Haithcock. The claim was made in January, 1884, and such proceedings were thereupon had as are stated in the opinion of this court.

The defendant and claimant supported his exceptions by affidavits of three persons that they were well acquainted with the land assigned, and that it was worth no more than $2 an acre; by affidavits of the claimant and the trial justice who qualified the appraisers, that they had not gone upon the land; and by affidavits of the claimant and a surveyor, that the land could be divided without injury. The respondent submitted no affidavits.

*Mr. John Bauskett*, for appellant.

*Messrs. Lyles & Haynsworth*, contra.

February 18, 1886. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The plaintiff levied an execution on lands of the defendant, Haithcock, who claimed homestead. Appraisers were appointed to lay off the homestead, and they returned that the value of all the lands was $987.50. To this return the plaintiff, Simonds, excepted, and Judge Wallace set aside the return and appointed new commissioners, to wit: Abram Huguenin, John T. Taylor, and J. A. Buckheister. Before an appraisement could be had, Huguenin died, and James H. Adams was appointed in his place.

These commissioners, on May 29, 1885, made return, describing the lands of defendant as the Brown tract, 217 acres, part of the Harris tract, 82 acres, and also one-fourth interest in another tract containing 458 acres, and stating "that in our opinion said premises are worth $1,125, and cannot be divided without injury," &c. To this return the defendant, Haithcock, filed exceptions: 1. Because the commissioners failed to lay off homestead in lands. 2. That the commissioners over-estimated the value of the lands, and erred in their conclusion that the lands could not be divided without injury. Affidavits were submitted as to the value of the land and the practicability of dividing it without injury, &c. After hearing the affidavits and argument for and against the

return, Judge Kershaw overruled the exceptions, and confirmed the return of the appraisers.

From this order the appeal comes to this court upon the following exceptions: "I. Because his honor erred in confirming and holding good the report of the commissioners in the matter of the homestead, the report showing that they had failed and refused to set off the homestead in land. II. Because, the commissioners having failed to set off the homestead, his honor held that the commissioners had not erred in their conclusion that said lands could not be divided without injury to the remainder. III. Because his honor held good and confirmed the report of the commissioners, when it is respectfully submitted, that the section of the General Statutes of South Carolina under which they acted, viz., section 1996, chapter LXXI., General Statutes, is unconstitutional and void."

The first and second exceptions complain that the Circuit Judge committed error by concurring in the judgment of the appraisers as to the value of the lands, and that they could not be divided without injury to the remainder. Section 1996 of the General Statutes, in reference to the assignment of homestead, declares that "Whenever, in the assignment of a homestead, as provided in section 1994 of this chapter, the appraisers shall find that the premises exceed the value of one thousand ($1,000) dollars, and that the same cannot be divided without injury to the remainder, they shall make and sign under oath an appraisal thereof, and deliver the same to the sheriff, who shall, within ten days thereafter, deliver a copy thereof to the head of the family claiming the homestead, &c., with a notice attached, that unless the person so claiming the homestead shall pay to the sheriff the surplus of the appraised value over and above one thousand dollars, within sixty days thereafter, such premises shall be sold," &c. The appraisers made their return in exact conformity with this law. There is no allegation of "mistake, fraud, or corruption," but only of an alleged error of judgment on the part of the appraisers. The parties had the right, which they exercised, to resist the confirmation of the return; but when the judge approved it, we cannot say that he committed error in so doing.

The appointment of appraisers to set off homestead is some-

what analogous to the appointment of commissioners to lay off dower, and it would seem that the force and effect given to the return in one case should be given to it in the other.    In reference to a return in dower, this court has held in *Irvine* v. *Brooks* (19 *S. C.*, 101): "When commissioners are appointed by the court to lay off dower, they become part of the machinery provided by law for that purpose. They are selected and their judgment invoked on account of their supposed fitness. They take a solemn oath to discharge the duty, and when they have exercised their best judgment fairly, honestly, and impartially, and embodied that judgment in a return in proper form, we think that return is something more than a mere estimate of a certain number of persons, which may be overthrown by the opinion of the same number of other persons examined as witnesses. It is a record. The commissioners are, in one sense, the agents of the parties, who are not allowed, as matter of right, to assail the return if it has been fairly made, and is the judgment of the commissioners, unaffected by fraud or error of law or fact. If the law were otherwise, controversies as to value, resting only in opinion, would never end. *Buckler* v. *Farrow, Rich. Eq. Cas.,* 180 ; *Stewart* v. *Blease,* 5 *S. C.,* 433."

But it is said that the aforesaid provision of the law under which the appraisers acted, authorizing the lands of a debtor to be sold and a sum of money set aside as homestead instead of land, is unconstitutional and void. It is undoubtedly true that the constitution, in its homestead provision, does contemplate a home—a shelter—lands. This appears not only from the use of the word "homestead," but also from the terms of the provision itself: "The general assembly shall enact such laws as will exempt from attachment and sale   *   *   *   a homestead in lands, whether held in fee or any lesser estate," &c. It will be observed, however, that the constitution does not undertake to prescribe the details of procedure by which the homestead may be set off; but, on the contrary, simply establishes the right and fixes its limit, and then declares that "it shall be the duty of the general assembly to enforce the provisions of this section by suitable legislation." *Art.* 2, § 32, *as amended.*

In the discharge of the duty thus imposed, the general assem-

bly enacted the law in question for the avowed purpose of meeting an exceptional case, where the lands are worth more than a thousand dollars, and cannot be divided without injury to the remainder. Are we obliged to say that this act is not "suitable legislation" to enforce the provision made as to homestead in the most general terms? Can it be truly said to be inconsistent with the constitution? In the exceptional case stated, the debtor has the option to pay "the surplus of the appraised value over and above one thousand dollars," and retain the use and possession of his own land, to the extent allowed. But if he fails or refuses to pay said "surplus," the land is to be sold, and one thousand dollars of the proceeds of sale invested in other lands for his homestead. Substantially, this amounts merely to an exchange of lands, and seems to us to be in the interest of the claimant. No particular land is indicated for homestead, and we cannot say that this provision of the law violates either the letter or spirit of the constitution.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.